**In the Matter of the WELFARE OF Michael ADAMS, Child.**

**No. C5–84–147.**

Court of Appeals of Minnesota.

July 31, 1984.

Craig S. Nelson, Albert Lea, for Marie Thorpe, Natural Mother.

Paul G. Morreim, Freeborn County Atty., James C. Lindvall, Asst. Freeborn County Atty., Albert Lea, for State.

Heard, considered, and decided by FOLEY, P.J., and SEDGWICK and RANDALL, JJ.

### OPINION

SEDGWICK, Judge.

Mother appeals from a judgment of the Freeborn County Court, Family Division,

terminating her parental rights for failure to give her minor child necessary parental care and protection. We affirm.

## FACTS

Marie Adams, now Marie Thorpe, was diagnosed as chemically dependent in 1974. Following two suicide attempts she was committed to a state hospital in 1975 as chemically dependent and mentally ill. A year later she again attempted suicide, by drug overdose, during pregnancy.

Michael Adams was born in August 1977. His biological father is unknown. During Michael's first year Marie drank excessively. She repeatedly placed Michael in the hospital for imaginary ailments when she was too intoxicated to care for him.

When Michael was less than one year he was adjudicated a dependent child. For the next four years Freeborn County and state agencies provided Marie with a succession of treatment plans designed to correct her chemical dependency condition and improve her parental skills. Elements common to most of these plans included:

1. Attendance at A.A. and maintenance of sobriety.
2. Counseling at the Mental Health Center.
3. Use of homemaker services.
4. Attendance at Mothers' Group.
5. Pursuit of GED and vocational rehabilitation.
6. Regular contacts with Freeborn County Chemical Dependency Center.

None of this has brought any lasting change in her behavior. Her attendance at A.A. meetings and Mothers' Group meetings was sporadic. She made no effort to obtain counseling, or to obtain her GED, or pursue vocational rehabilitation. She failed to maintain sobriety.

In 1982 she married a chemically dependent man. Their home life was characterized by drinking, loud abusive shouting matches, and violent physical fighting. On at least one occasion Marie threatened her husband with a knife in front of the child.

In 1982 she was convicted of driving while under the influence and served 10 days in jail. She served another 35 days in jail for failing to comply with court orders. In 1983 she was convicted of fourth degree assault, driving while under the influence, open bottle, and driving after license revocation.

Michael has been transferred from one foster home to another, interspersed with occasional trial placements in his mother's custody under the protective supervision of the county welfare department. On each occasion the home situation eventually deteriorated into chaos and Michael was returned to foster care.

He has been evaluated as a "special needs" child by psychologists. He is impulsive and hyperactive and lacks the capacity to trust others.

## ISSUE

Did the trial court err in terminating the mother's parental rights?

## ANALYSIS

■ The standard of review in parental termination cases is whether the court's findings of fact are supported by substantial evidence and are not clearly erroneous. *The Matter of the Welfare of Sharp,* 268 N.W.2d 424 (1978).

Here, the evidence supports the court's findings and conclusions that grounds for termination of the mother's parental rights under Minn.Stat. § 260.221(b), Subds. 2, 4 & 5, (Supp.1983), existed at the time of the Jan. 12, 1984 termination order. Section 260.221 provides in part:

The juvenile court may, upon petition, terminate all rights of a parent to a child in the following cases:

(b) If it finds that one or more of the following conditions exist:

(2) That the parent has substantially, continuously, or repeatedly refused or neglected to comply with the duties imposed upon that parent by the parent and child relationship, including but not limit-

ed to providing the child with necessary food, clothing, shelter, education, and other care and control necessary to the child's physical, mental or emotional health and development, if the parent is physically and financially able; or

(4) That a parent is palpably unfit to be a party to the parent and child relationship because of a consistent pattern of specific conduct before the child or of specific conditions directly relating to the parent and child relationship either of which are determined by the court to be permanently detrimental to the physical or mental health of the child; or

(5) That following upon a determination of neglect or dependency, reasonable efforts, under the direction of the court, have failed to correct the conditions leading to the determination.

The evidence indicates that appellant does not deny the findings of fact made by the trial judge. Appellant's position is that she now recognizes the seriousness of her circumstances and is ready to accept her responsibilities and promises to provide adequate parenting to her son.

These promises, however, have been made time and again with no real long-lasting improvement. In the meantime, under appellant's care the child's development continues to be stymied.

Since the finding of Michael's dependency appellant was provided with every conceivable service the state and county has to offer a person with her needs. None of this has brought any lasting change in her behavior.

## DECISION

The termination of parental rights is affirmed.